Redacted by Clerk of Court

**ELECTRONICALLY FILED**
**COURT OF COMMON PLEAS**
**Tuesday, January 22, 2019 1:12:11 PM**
**CASE NUMBER: 2019 CV 00314 Docket ID: 33026903**
**MIKE FOLEY**
**CLERK OF COURTS MONTGOMERY COUNTY OHIO**

COURT OF COMMON PLEAS
MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| 2700 MIAMISBURG-CENTERVILLE ROAD, LLC <br> in care of RVI Group <br> 201 Broad Street, Sixth Floor <br> Stamford, Connecticut 06901 | : <br> : <br> : <br> : <br> : | CASE NO. _____ |
| Plaintiff, | : <br> : | |
| v. | : <br> : | COMPLAINT |
| ELDER OHIO I DELAWARE BUSINESS <br>    TRUST <br> in care of Corporation Service Company, <br>    registered agent <br> 251 Little Falls Drive <br> Wilmington, Delaware 19808 <br>        and <br> also in care of Elder Ohio I, Inc., Trustee <br> in care of Corporation Service Company, <br>    registered agent <br> 251 Little Falls Drive <br> Wilmington, Delaware 19808 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |
| and | : <br> : | |
| MONTGOMERY COUNTY TREASURER <br> 451 West Third Street <br> Dayton, Ohio 45422 | : <br> : <br> : | |
| and | : <br> : <br> : | |
| JON F. HANSON <br> The Hampshire Companies, LLC <br> 83 South Street <br> Morristown, New Jersey 07960 | : <br> : <br> : | |
| and | : <br> : <br> : | |
| JOHN DOE (exact name unknown) <br> in care of Jon F. Hanson <br> The Hampshire Companies, LLC <br> 83 South Street <br> Morristown, New Jersey 07960 | : <br> : <br> : <br> : <br> : | |

```
                                          :
        and                               :
                                          :
JANE DOE (exact name unknown)             :
in care of Jon F. Hanson                  :
The Hampshire Companies, LLC              :
83 South Street                           :
Morristown, New Jersey 07960              :
                                          :
              Defendants.                 :
```

Comes now Plaintiff 2700 Miamisburg-Centerville Road, LLC and for its complaint says

as follows:

1. Plaintiff is an Ohio limited liability company.

2. Defendant Elder Ohio I Delaware Business Trust ("Elder") is a Delaware business

trust.

3. Elder Ohio I, Inc. is a Delaware corporation and the trustee of Elder.

4. The property which is the subject of this commercial real estate mortgage foreclosure

action consists of 15.619 acres in the city of Dayton, Ohio in Montgomery County with a street

address of 2700 Miamisburg-Centerville Road, with a 212,000 square foot building (the

"Property").

5. Defendants Jon F. Hanson, John Doe (exact name unknown) and Jane Doe (exact

name unknown) are stockholders, partners, partners of a partner, members, trustees or

beneficiaries of Elder or an officer, director or employee of one or more of the foregoing

(collectively, the "Insiders").

COUNT 1
(Loan Agreement)

6. Plaintiff incorporates by reference paragraphs 1 through 5 inclusive above as if the

same were more fully rewritten herein.

7.   On or about April 14, 1998, Elder executed and delivered to Boston American Lending Group - I, Inc. ("Boston American") a certain Loan Agreement dated April 14, 1998 a copy of which Loan Agreement is attached marked Exhibit A (the "Loan Agreement").

8.   On or about April 14, 1998 for good and valuable consideration, Boston American assigned, conveyed, delivered, sold and transferred to Credit Suisse First Boston Mortgage Capital LLC ("Credit Suisse") all right, title and interest of Boston American in the Loan Agreement.

9.   On or about April 15, 1999 and effective as of June 25, 1998 for good and valuable consideration, Credit Suisse assigned, conveyed, delivered, sold and transferred all right, title and interest of Credit Services in the Loan Agreement to State Street Bank and Trust Company as trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-through Certificate, Series 1998-CI ("State Street Bank").

10.   On or about April 11, 2018 for good and valuable consideration, State Street Bank assigned, conveyed, delivered, sold and transferred all right, title and interest of State Street Bank in the Loan Agreement to U.S. Bank National Association as trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-through Certificate, Series 1998-CI ("U.S. Bank").

11.   On or about September 17, 2018 and effective as of March 31, 2018 for good and valuable consideration, U.S. Bank assigned, conveyed delivered, sold and transferred all right, title and interest of U.S. Bank in the Loan Agreement to Plaintiff.

12.   Plaintiff is the owner and holder in due course of the Loan Agreement.

13.   The loan to Elder made under the Loan Agreement (the "Loan") was due and

payable in full on March 11, 2018.

14.   Elder has failed and refused and continues to fail and refuse to pay Plaintiff the Loan as due when due under the Loan Agreement despite demand.

15.   There is due by Elder to Plaintiff on the Loan under the Loan Agreement the sum of $6,444,144.34 of principal plus accrued interest in the amount of $240,116.87 as of January 18, 2019 plus further interest on and after January 19, 2019 at the rate of 8.9427% per annum plus all costs and expenses incurred to collected the same and to preserve and protect the Property and the Personal Property (defined below) plus attorney's fees and expenses.

COUNT 2
<u>(Note)</u>

16.   Plaintiff incorporates by reference thereto paragraphs 1 through 15 inclusive above as if the same were more fully rewritten herein.

17.   On or about April 14, 1998, Elder executed and delivered to Boston American a certain Promissory Note dated April 14, 1998 a copy of which Promissory Note is attached marked Exhibit B (the "Note").

18.   On or about April 14, 1998 for good and valuable consideration, Boston American assigned, conveyed, delivered, sold and transferred to Credit Suisse all right, title and interest of Boston American in the Note.

19.   On or about April 15, 1999 effective as of June 25, 1998 for good and valuable consideration, Credit Suisse assigned, conveyed, delivered, sold and transferred all right, title and interest of Credit Services in the Note to State Street Bank and Trust Company as trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-through Certificate, Series 1998-CI ("State Street Bank").

20.   On or about April 11, 2018 for good and valuable consideration, State Street Trustee

4

assigned, conveyed, delivered, sold and transferred all right, title and interest of State Street

Bank in the Note to U.S. Bank.

21.   On or about September 17, 2018 effective as of March 31, 2018 for good and

valuable consideration, U.S. Bank assigned, conveyed delivered, sold and transferred all right,

title and interest of U.S. Bank Trustee in the Note to Plaintiff.

22.   Plaintiff is the owner and holder in due course of the Note.

23.   Writings evidencing the assignments described in paragraphs 17, 18, 19 and 20 are

set forth in Exhibit B.

24.   The Note was due and payable in full on March 11, 2018.

25.   Elder has failed and refused and continues to fail and refuse to pay Plaintiff as due

when due under the Note despite demand.

26.   There is due by Elder to Plaintiff on the Note the sum of $6,444,144.34 of principal

plus accrued interest in the amount of $240,116.87 as of January 18, 2019 plus further interest on

and after January 19, 2019 at the rate of 8.9427% per annum plus all costs and expenses incurred

to collected the same and to preserve and protect the Property and the Personal Property (defined

below) plus attorney's fees and expenses.

### Count 3
### (Mortgage)

27.   Plaintiff incorporates by reference thereto paragraphs 1 through 26 inclusive above

as if the same were more fully rewritten herein.

28.   To secure payment due under the Note, on or about April 14, 1998, Elder executed

and delivered to Boston American a certain Open End Mortgage, Security Agreement, Fixture

Financing Statement with respect to the Property, a copy of which is attached marked Exhibit C

(the "Mortgage"), and the Mortgage was recorded April 17, 1998 as MORT-98-1956 A03, in the

5

office of the Recorder of Montgomery County, Ohio ("Recorder").

29.   On or about April 27, 1998 the Mortgage was amended pursuant to a certain First Amendment to the Open End Mortgage, Security Agreement and Fixture Financing Statement which was recorded May 5, 1998 as MMF 98-2290 B12 in the office of the Recorder, a copy of which amendment is attached marked Exhibit D .

30.   On or about April 14, 1998 the Mortgage was assigned by Boston American to Credit Suisse and said assignment was recorded April 17, 1998 at MMF 98-1970 A05 in the office of the a copy of said assignment is attached marked Exhibit E.

31.   On or about April 15, 1999 the Mortgage was assigned by Credit Suisse to State Street Trustee and said assignment was recorded September 10, 1999 at MMF 99-4588 A01 in the office of the Recorder, a copy of which assignment is attached marked Exhibit F.

32.   On or about April 11, 2018 the Mortgage was assigned by State Street Trustee to U.S. Bank Trustee and said assignment was recorded on May 14, 2018 at 2018-00027903 in the office of the Recorder, a copy of which assignment is attached marked Exhibit G.

33.   On or about September 28, 2018 the Mortgage was assigned by U.S. Bank Trustee to Plaintiff and said assignment was recorded on October 2, 2018 at 2018-00057796 in the office of the Recorder, a copy of which assignment is attached marked Exhibit H.

34.   The Mortgage is the first and best lien on the Property after real estate taxes and assessments, if any, due and payable

35.   Defendant Montgomery County Treasurer may claim an interest in the Property.

36.   As a result of the breach and default by Elder under the Note, there has been a breach and default by Elder under the Mortgage and Plaintiff is entitled to foreclose the Mortgage.

6

Count 4
(Assignment of Leases and Rents)

37.  Plaintiff incorporates by reference thereto paragraphs 1 through 36 inclusive above as if the same were more fully rewritten herein.

38.  To further secure payment due under the Note, on or about April 14, 1998, Elder executed and delivered to Boston American a certain Assignment of Leases and Rents with respect to the Property, a copy of which is attached marked Exhibit I (the "Lease Assignment") and the Lease Assignment was recorded April 17, 1998 at MMF 98-1956 B08, in the office of the Recorder.

39.  On or about April 27, 1998 a First Amendment to Assignment of Leases and Rents was executed and delivered and subsequently recorded May 5, 1998 at MMF 98-2290 C06 in the office of the Recorder and a copy of said amendment is attached marked Exhibit J.

40.  On or about April 14, 1998 the Lease Assignment was assigned by Boston American to Credit Suisse in the assignment of the Mortgage attached marked Exhibit F.

41.  On or about April 15, 1998 the Assignment of Assignment of Leases and Rents by Credit Suisse to State Street Trustee and said assignment was recorded September 10, 1999 at MMF 99-4588 A08 in the office of the Recorder and a copy of said assignment is attached marked Exhibit K.

42.  On or about April 11, 2018 the Lease Assignment was assigned by State Street Trustee to U.S. Bank Trustee and said assignment was recorded on May 14, 2018 at 2018-00027904 in the office of the Recorder and a copy of said assignment is attached marked Exhibit L.

43.  On or about September 28, 2018 the Lease Assignment was assigned by U.S. Bank Trustee to Plaintiff and said assignment was recorded on October 2, 2018 at 2018-00057796 in

7

the office of the Recorder and a copy of said assignment is attached marked Exhibit M.

44. As a result of the breach and default by Elder under the Note, there has been a breach and default by Elder under the Lease Assignment and Plaintiff is entitled to enforce the Lease Assignment.

Count 5
(Security Interest)

45. Plaintiff incorporates by reference thereto paragraphs 1 through 44 inclusive above as if the same were more fully rewritten herein.

46. Defendant Elder granted the mortgagee a security interest in all tangible and intangible personal property as more fully described in paragraph F on page 2 of the Mortgage (collectively, the "Personal Property").

47. The security interest granted as to the Personal Property was perfected by the filing of a financing statement in the office of the Delaware Secretary of State and Ohio Secretary of State and followed by continuation statements.

48. As a result of the breach and default by Elder under the Mortgage, Plaintiff is entitled to enforce its security interest in the Property including but not limited to, taking possession of and selling the Personal Property.

Count 6
(Personal Liability of Insiders)

49. Plaintiff incorporates by reference thereto paragraphs 1 through 48 inclusive above as if the same were more fully rewritten herein.

50. Section 14.01 of the Loan Agreement provides that the "stockholders, partners, partners of the partners, members, trustees, beneficiaries of the Borrower, as the case may be and their respective officers, directors and employees" may be personally liable to the counterparty to the Loan Agreement to the same extent that Elder is liable in the event any of them acts or omits

8

to act with respect to certain matters, including without limitation physical waste of the Property (collectively, the "Bad Acts").

51. The Insiders have committed Bad Acts by effectively abandoning the Property.

52. As a result of the foregoing, the Insiders are personally liable to Plaintiff in an amount not yet determined.

Count 7
(Receiver)

53. Plaintiff incorporates by reference thereto paragraphs 1 through 52 inclusive above as if the same were more fully rewritten herein.

54. The Mortgage provides at Paragraph 39 on page 10 that after the occurrence of an Event of Default under the Mortgage or the commencement of an action to foreclose the Mortgage, the mortgagee is entitled to the appointment of a receiver.

55. In addition, Plaintiff is entitled to have a receiver appointed under the Ohio receiver statute at R.C. 2734.01(A)(2)(b).

WHEREFORE, Plaintiff prays the Court enter judgment in favor of Plaintiff as follows:

A. On Count 1 in favor of Plaintiff against Elder in the amount of $6,444,144.34 of principal plus accrued interest in the amount of $240,116.87 as of January 18, 2019 plus further interest on and after January 19, 2019 at the rate of 8.9427% per annum plus all costs and expenses incurred to collected the same and to preserve and protect the Property and the Personal Property (defined below) plus attorney's fees and expenses.

B. On Count 2 in favor of Plaintiff against Elder in the amount of $6,444,144.34 of principal plus accrued interest in the amount of $240,116.87 as of January 18, 2019 plus further interest on and after January 19, 2019 at the rate of 8.9427% per annum plus all costs and

expenses incurred to collected the same and to preserve and protect the Property and the Personal Property (defined below) plus attorney's fees and expenses.

C.  On Count 3 in favor of Plaintiff to order as follows:

(1)  The Mortgage be foreclosed.

(2)  That all persons with any interest in the Property set forth in writing filed in this action any such interest or be forever barred and cut off.

(3)  That all liens on the Property be marshaled.

(4)  That the Sheriff of Montgomery County, Ohio (the "Sheriff") appraise, advertise and sell the Property according to law and the orders of the Court.

(5)  In the alternative to a sale of the Property by the Sheriff, that the Receiver sell the Property either by public or private sale according to the orders of the Court.

(6)  That the proceeds of said sale of the Property by the Sheriff, or by the Receiver, be distributed first to real estate taxes and assessments due, if any; second to the Receiver for all fees and costs and expenses incurred; third, to Plaintiff on the monetary judgment in favor of Plaintiff entered in this action; and fourth the balance remaining, if any, to the Clerk of the Court to hold pending further order of the Court.

D.  On Count 4 to find that the Lease Assignment is a valid and irrevocable assignment of the Leases and Rent and that Plaintiff is entitled to take immediate possession of the Leases and Rents.

E.  On Count 5 to find the Plaintiff has a valid, perfected security interest in the Personal Property and is entitled to immediate possession of the Personal Property to appoint a receiver.

F.  On Count 6 in favor of Plaintiff and against Jon F. Hanson, John Doe and Jane Doe, all jointly and severally, in the amount of in favor of Plaintiff in an amount to be determined.

10

     G. On Count 7 to appoint a receiver to protect and sell the Property and the Personal Property.

     H. On all Counts to grant to Plaintiff all other relief in which Plaintiff is entitled at law or in equity.

                      Respectfully submitted,

                      /s/ Richard Boydston
                      Richard Boydston (0022360)
                      Counsel for Plaintiff
                        2700 Miamisburg-Centerville Road, LLC
                      Bingham Greenebaum Doll LLP
                      255 East Fifth Street, Suite 2350
                      Cincinnati, OH 45202
                      513.455.7663
                      513.762.7963 (fax)
                      rboydston@bgdlegal.com

19704753.1