# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| 2700 Miamisburg-Centerville Road, LLC, | : | Case No. 3:19-cv-51 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| Elder Ohio I Delaware Business Trust, et al., | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER GRANTING MOTION TO REMAND (DOC. 6), REMANDING CASE TO THE MONTGOMERY COUNTY, OHIO COURT OF COMMON PLEAS, AND ORDERING PLAINTIFF TO FILE A MOTION FOR FEES UNDER 28 U.S.C. § 1447(c) WITHIN 10 DAYS**

---

This commercial foreclosure action is before the Court on the Motion to Remand (Doc. 6) filed by Plaintiff 2700 Miamisburg-Centerville Road, LLC ("Plaintiff"). The Motion to Remand is fully briefed and ripe for review. (Docs. 7, 12, 14.) For the reasons below, the Court **GRANTS** the Motion to Remand and **ORDERS** Plaintiff to file a motion for just costs and any actual expenses, including attorney fees, incurred as a result of the removal under 28 U.S.C. § 1447(c) within 10 days of this Order.

I.   **BACKGROUND**

Plaintiff brought this action in the Montgomery County, Ohio Court of Common Pleas on January 22, 2019. Plaintiff seeks to foreclose on commercial real estate, namely the former Elder Beerman department store at the Dayton Mall in Dayton, Ohio. Plaintiff, which is a limited liability company, alleges that it is entitled to foreclose on this real estate because Defendant Elder Ohio I Delaware Business Trust ("Elder") defaulted on over $6.5 million in obligations owed to Plaintiff and which are secured by the property. In the Complaint, Plaintiff names as Defendants

Elder, the Montgomery County Treasurer (the "Treasurer"), Jon F. Hanson (who is allegedly affiliated with Elder), and John Doe and Jane Doe (additional alleged Elder affiliates whose names are unknown).

Elder and Hanson timely removed this action to federal court pursuant to its diversity jurisdiction under 28 U.S.C. § 1332. They assert in their removal papers that the Treasurer is only a nominal Defendant who may be ignored for purposes of assessing whether subject matter jurisdiction exists. (Doc. 1 at ¶ 5.) Plaintiff moves to remand the case on the ground that the Montgomery County Treasurer is not a nominal defendant, but is a necessary party to its foreclosure action. The parties do not dispute that the Treasurer is an Ohio resident. Thus, if the Treasurer is properly named a Defendant for jurisdictional purposes, then removal on the basis of diversity alone is improper under 28 U.S.C. § 1441(b), as discussed below. In addition, there would not be complete diversity of citizenship under 28 U.S.C. § 1332(a) because Plaintiff is also an Ohio resident.

## II. ANALYSIS

The removal statute states, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The statute further states that a civil action may not be removed solely on the basis of the district court's diversity jurisdiction under 18 U.S.C. § 1332(a) "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); *see also Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) (noting citizens

of Ohio named as defendants were barred from invoking removal jurisdiction on the basis of diversity under § 1441(b)).

As mentioned, Defendants Elder and Hanson contend that removal was proper because the Treasurer is a nominal Defendant whose participation in the case is unnecessary. Defendants point to local rules in six Ohio counties providing that the treasurer need not be named in a real estate foreclosure case unless there is a dispute as to the amount or priority of the treasurer's lien. (Doc. 12 at 3 n.1.) They assert that, in this case, the Treasurer does not have any tax lien against the property and, even if there were such a lien, there is no dispute that it has priority over Plaintiff's interest in the property. Defendants conclude that the Treasurer therefore is only a nominal defendant with no genuine stake in this case. Defendants also argue that the caselaw relied upon by Plaintiff is not well-reasoned and was wrongly decided.

As Plaintiff notes, there are 88 counties in Ohio. Defendants identified six with local rules stating that the treasurer need not be named a defendant or, if named as a defendant, be served with process in a foreclosure action. The county at issue in this case—Montgomery County—is not one of those six counties. There is no reason to infer that the Montgomery County Treasurer is not a necessary defendant in this case based on the local rules of six other counties. To the contrary, a reasonable person might infer that the Treasurer *is* a necessary party because of the absence of such a local rule in Montgomery County. Supporting such an inference, Plaintiff found that the Treasurer was named a defendant in 16 of 18 foreclosure actions filed in Montgomery County on three dates in January and February 2019. In addition, the Treasurer demonstrated its intent to participate in this case by timely filing an Answer, both before and after the Notice of Removal. (Doc. 4.) To the extent there is an ambiguity regarding Montgomery

3

County's interest in having the Treasurer participate in this case, it must be resolved in Plaintiff's favor. *Coyne ex re. Ohio v. Am Tobacco Co.*, 183 F. 3d 488, 492 (6th Cir. 1999) (when deciding a motion to remand the district court "must resolve all disputed questions of fact and ambiguities in favor of the non-moving party").

Plaintiff also asserts that there is, in fact, a tax lien currently against the property and a live dispute regarding its amount. The Treasurer's website shows $110,711.38 in taxes due on the property. (Doc. 41-1.) Plaintiff argues that the amount of taxes owed should be reduced, however, because the property was last assessed as a department store but is now vacant. Presumably for the same reason, on March 21, 2019, the Receiver for the property (appointed by the Montgomery County Court of Common Pleas) filed a Complaint Against Valuation of Real Property. (*Id.*) The amount of taxes ultimately determined to be owed will affect the amount available to other creditors, like Plaintiff. Thus, even by Defendants' own logic, the Treasurer is a necessary party because it has an interest in the property and that interest is disputed.

Defendants argue that the reasoning in Plaintiff's caselaw is not sound. Plaintiff relies primarily on two cases: *Fifth Third Bank v. U.S. Golf & Sports Center, Inc.*, No. 3:10 cv 2451, 2011 WL 3288420 (N.D. Ohio, 2011) and *Countrywide Home Loans, Inc. v. Bartmasser*, No. 2:08-CV-805, 2008 WL 4678840 (S.D. Ohio Oct. 22, 2008). In *Fifth Third Bank*, the district court held that the Lucas County Treasurer was a necessary party in a foreclosure action filed in Lucas County and, in *Countrywide*, the district court held that the Franklin County Treasurer was a necessary party in a foreclosure action in Franklin County.

Defendants' criticism of *Fifth Third Bank* and *Countrywide* is based on their reliance on *Huntington Natl. Bank v. Ross*, 130 Ohio App. 3d 687, 720 N.E.2d 1000 (1998). Defendants

4

argue that the issue in *Huntington* was whether an entity through which the borrowers obtained a political risk insurance policy had an interest in the properties and needed to be joined in the foreclosure action. The *Huntington* court concluded that the entity did not have an interest and therefore was not a necessary party.

Although the issue decided in *Huntington* was different, the case does stand for the proposition that "[t]he holder of rights or interest in property is a necessary party to a foreclosure action." *Id*. 130 Ohio at 693, 720 N.E.2d at 1004. There was nothing in the record in *Huntington* to show that the entity that issued the insurance policy had an interest in the property. In contrast, here, the record establishes that the Treasurer does have an interest in the property.

The Treasurer is not a nominal party, but a necessary party in this action. Defendants' removal of this action was therefore improper. Plaintiff seeks an award of costs, expenses and fees incurred as a result of the improper removal of this case under 28 U.S.C. § 1447(c). The Supreme Court has stated that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp*, 546 U.S. 132, 141 (2005). In light of the foregoing analysis, Defendants lacked an objectively reasonable basis for seeking removal of this case. If the foreclosure action had been brought in one of the counties where the local rules state the treasurer need not be named a defendant, then the Court's finding on this issue might be different. It was not; therefore, Plaintiff is entitled to its costs, expenses and fees associated with the removal.

### III. CONCLUSION

For the reasons above, the Court **GRANTS** the Motion to Remand (Doc. 6). This action is hereby **REMANDED** to the Montgomery County, Ohio Court of Common Pleas. Plaintiff is **ORDERED** to file a motion for just costs and any actual expenses, including attorney fees, incurred as a result of the removal under 28 U.S.C. § 1447(c), accompanied by an itemized accounting of the costs and expenses incurred, within 10 days of this Order. This case shall be **TERMINATED** on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, April 5, 2019.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE