UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| 2700 Miamisburg-Centerville Road, LLC, | : | Case No. 3:19-cv-51 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| Elder Ohio I Delaware Business Trust, et al., | : | |
| | : | |
| Defendants. | : | |

**ENTRY AND ORDER GRANTING PLAINTIFF'S MOTION FOR COSTS AND EXPENSES (DOC. 16)**

This commercial foreclosure action is before the Court on Plaintiff's Motion for Costs and Expenses (Doc. 16) filed by Plaintiff 2700 Miamisburg-Centerville Road, LLC ("Plaintiff"). Defendants did not file any response or objection to the Motion, and the time to do so has passed. Therefore, the motion is now ripe for review. For the reasons below, the Court **GRANTS** the Motion for Costs and Expenses and **ORDERS** that, pursuant to 28 U.S.C. § 1447(c), Defendants pay Plaintiff the amount of $7,196.50 in just costs and actual expenses, including attorney fees, incurred as a result of the removal.

**I.   BACKGROUND AND ANALYSIS**

On April 5, 2019, the Court entered an Order granting Plaintiff's Motion to Remand. (Doc. 15.)  The Court also ordered Plaintiff to file a motion for just costs and any actual expenses, including attorney fees, incurred as a result of the removal under 28 U.S.C. § 1447(c) within 10 days of the Order.  (*Id*.)  In its Order, the Court set forth reasons for awarding Plaintiff its costs, expenses, and fees associated with the removal.  (*Id*.)  Plaintiff timely filed a Motion for Costs

and Expenses on April 9, 2019. (Doc. 16.)

Plaintiff attached to its Motion a Declaration of Richard Boydston, counsel for Plaintiff. (Doc. 16-1.) Mr. Boydston attached to his Declaration a detailed accounting of fees and expenses for services performed by his law firm in responding to the notice of removal and filing the motion to remand. (*Id.*) In his Declaration, Mr. Boydston clarified that the accounting does not include time for reviewing, forwarding, and discussing the Remand Order or for preparing his declaration and the motion for costs. (*Id.*) The accounting details the tasks undertaken by the individual attorneys, including the applicable timekeeper, hours incurred for each task, and applicable hourly rates. (*Id.*) The total amount of costs, expenses, and fees sought in the Motion is $7,196.50. (*Id.*)

28 U.S.C. § 1447(c) provides, in part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Under the circumstances, as further set forth in this Court's April 5, 2019 Order (Doc. 15), an award of $7,196.50 in costs and actual expenses, including attorney fees, to Plaintiff is just and equitable. The tasks, rate, and hours expended by Plaintiff's counsel, as set forth in Mr. Boydston's declaration, do not appear to be unreasonable given the circumstances, and Defendants did not present any evidence or argue otherwise. See *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 494 (6th Cir. 2013), quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("trial courts need not, and indeed should not, become green-eyeshade accountants").

## II. CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiff's Motion for Costs and Expenses (Doc. 16). Pursuant to 28 U.S.C. § 1447(c), the Court **AWARDS** Plaintiff the amount of

$7,196.50 in just costs and actual expenses, including attorney fees, incurred as a result of the removal. The Court **ORDERS** that Defendants pay Plaintiff that amount.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, May 9, 2019.

s/Thomas M. Rose

———————————————

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
